```
ROY C. ZUKERMAN, Bar Number 36249
Attorney at Law
P.O. Box 8305                                    MADE JS-6
Fountain Valley, California 90728
(714) 962-6113
email ac6h@verizon.net

Attorney for Plaintiff Vivian
        V. Panting
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN V. PANTING,<br><br>    Plaintiff,<br><br>   vs.<br><br>OSCAR EDGARDO BENITEZ as Putative Vice Consul of the Republic of Honduras in Charge at Los Angeles, and CARLOS LOPEZ CONTRERAS as Foreign Minister of the Republic of Honduras,<br><br>    Defendants.<br>_____<br>CARLOS LOPEZ CONTRERAS, as Foreign Minister of the Republic of Honduras,<br><br>    Cross-Complainant,<br><br>   vs.<br><br>OSCAR EDGARDO BENITEZ as Putative Vice Consul of the Republic of Honduras in Charge at Los Angeles, and VIVIAN V. PANTING,<br><br>    Cross-Defendants.<br>_____ | Civil Action No.<br>CV09-7087 GW (AGRx))<br><br>**INTERLOCUTORY JUDGMENT<br>OF INTERPLEADER** |

The Court having considered the Substitute Stipulation for Interlocutory Judgment of Interpleader of all appearing parties

herein, and good cause appearing

THE COURT FINDS AND CONCLUDES that:

1. This is an action in interpleader as to which the Court has jurisdiction pursuant to 28 U.S.Code §§1330(a) and 1351.

2. At the time of filing this action Defendant and Cross-Complainant Carlos Lopez Contreras ("Appearing Defendant") was the duly appointed and acting Foreign Minister of the Interim Constitutional Government of the Republic of Honduras; and a colorable claimant to the money and property interpleaded herein.

3. At the time of filing this action Defendant and Cross-Defendant Oscar Edgardo Benitez ("Defaulting Defendant) was the Vice Consul in Charge at Los Angeles of the Consulate of the Republic of Honduras, under appointment by the administration of the Government of the Republic of Honduras immediately preceding the establishment of the Interim Constitutional Government; and a colorable claimant to the money and property interpleaded herein.

4. At the time of filing the within action Plaintiff and Cross-Defendant Vivian V. Panting ("Plaintiff") was in possession of the funds and property of the Republic of Honduras as described in her Complaint herein, and in reasonable doubt as to which of Appearing Defendant or Defaulting Defendant was the proper party to claim such funds and property on behalf of the Republic of Honduras.

5. Plaintiff's use of $350 of the Republic of Honduras funds then in her possession for payment of the filing fee herein was a reasonable and proper use of the said funds.

6. Plaintiff has subjected all funds and property of the Republic of Honduras in her possession or under her control to

the jurisdiction of this Court by depositing a portion thereof with the Clerk of the Court pursuant to an Order granting leave so to do, and by having her counsel retain possession of the remainder subject to disposition on order of this Court.

7. Defaulting Defendant was duly served with Summons and Complaint herein, and upon his failure to respond thereto his default has been duly entered herein.

8. Appearing Defendant has generally appeared herein, thereby subjecting himself to the jurisdiction of this Court, and has filed his Answer and Counterclaim asserting a right to possession of the funds and property interpleaded herein as set forth below.

9. No claim of ownership or entitlement to possession of any of the funds or property interpleaded herein was made in the within action on behalf of Defaulting Defendant or the governmental authority represented by him.

10. The inauguration on January 27, 2009, of Porfirio Lobo Sosa as the duly elected President of Honduras, and the recognition by the United States of America of his government as the *de jure* government of the Republic of Honduras, has made the fundamental issues of this action moot.

11. Plaintiff is entitled to reimbursement of fees and expenses reasonably incurred in the filing and prosecution of the within action in the amounts hereinafter specified.

12. The parties intend to dismiss the Complaint and Counter-Claim herein following the entry of this Interlocutory Judgment.

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED that:

**(PROPOSED) JUDGMENT**

WPDOCS/MJ/HI/JUDGT

1. Plaintiff's use of a portion of the funds otherwise subject to being interpleaded herein as payment of the filing fee for the within action is ratified and approved.

2. From the funds in his possession herein the Clerk is ordered and directed to pay to Plaintiff, in care of her counsel, the sum of $8,000.00, as reimbursement for attorney fees and costs reasonably and necessarily incurred herein.

3. Upon dismissal of this action, the Clerk is ordered and directed to pay all remaining funds in his possession herein, and to deliver all non-monetary property in his possession herein, to Plaintiff, in care of her counsel.

4. Upon dismissal of this action, Roy C. Zukerman, Esq., counsel for Plaintiff, is ordered and directed to forthwith deliver to Plaintiff Bank of America cashier's checks Nos. 425528266, 425528274, and 425528651; and to file a receipt therefor within seven days from the date of filing the said dismissal.

DATED: February 5, 2010.

_____
GEORGE H. WU, DISTRICT JUDGE

**(PROPOSED) JUDGMENT**

WPDOCS/MJ/HI/JUDGT